AB:OO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | AFFIDAVIT IN SUPPORT OF REMOVAL TO THE DISTRICT OF NORTH DAKOTA |
| - against - | |
| INSHAN BAKSH, d/b/a KRYSTAL FASHION CORPORATION | (Fed. R. Crim. P. 5) |
| Defendant. | Case No. 20-MJ-1153 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

Francis Gasper, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

On or about November 19, 2020, the United States District Court for the District of North Dakota issued an arrest warrant commanding the arrest of the defendant INSHAN BAKSH for violations of Title 18, United States Code, Sections 1341, 1343 and 2 (Mail Fraud, Wire Fraud, and Aiding and Abetting).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.  On or about November 19, 2020, the United States District Court for the District of North Dakota issued an arrest warrant commanding the arrest of the defendant INSHAN BAKSH for violations of Title 18, United States Code, Sections 1341, 1343 and 2

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

(Mail Fraud, Wire Fraud, and Aiding and Abetting). True and correct copies of the complaint and arrest warrant are attached hereto as Exhibits A and B, respectively.

2. On or about December 2, 2020, the defendant was apprehended outside of 101-04 116th street, Richmond Hill, New York. During the defendant's arrest, the defendant stated that his name is INSHAN BAKSH. The defendant also presented a New York State driver's license with the name INSHAN BAKSH.

3. In addition, I have reviewed a photograph of the INSHAN BAKSH wanted in the District of North Dakota. Based on that photograph and my observations of the defendant during his arrest and booking, I believe that the defendant is the INSHAN BAKSH wanted in the District of North Dakota.

4. Based on the foregoing, I submit that there is probable cause to believe that the defendant is the INSHAN BAKSH wanted in the District of North Dakota.

WHEREFORE, your deponent respectfully requests that the defendant INSHAN BAKSH be removed to the District of North Dakota so that he may be dealt with according to law.

_____
Francis Gasper
Special Agent
Federal Bureau of Investigation

Sworn to before me this
_2 day of December, 2020

_____
THE HONORABLE SANKET J. BULSARA
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### District of North Dakota

| | |
|---|---|
| United States of America<br>v.<br>INSHAN BAKSH, d/b/a KRYSTAL FASHION CORPORATION and<br>SANG BAE CHUNG, d/b/a DE NICE WEAR, INC.<br><br>*Defendant(s)* | Case No. 1:20-mj-506 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 31 to April 16, 2020__ in the county of __Burleigh__ in the _____ District of __North Dakota__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Sections 1341, 1343, and 2 | Mail Fraud, Wire Fraud, and Aiding and Abetting |

This criminal complaint is based on these facts:

See attached affidavit of FBI SA Francis W. Gasper

☑ Continued on the attached sheet.

_____
Complainant's signature

Francis W. Gasper, FBI SA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/19/2020

City and state: Bismarck, North Dakota

Clare R. Hochhalter, U.S. Magistrate Judge
*Printed name and title*

Case No.: 1:20-mj-506

Francis W. Gasper, Affiant, being duly sworn under oath deposes and states:

1. I am a Special Agent (SA) for the Federal Bureau of Investigation (FBI). I have been a Special Agent for more than 24 years. I am currently assigned to the FBI Minneapolis Division, Bismarck, North Dakota office. I have participated in numerous investigations of alleged criminal activity. My duties include the investigation of financial crimes. I assist other federal agencies' special agents and both state and local law enforcement when requested.

2. As a Special Agent with the FBI, I have authority to investigate violations of federal law. I also have authority to seek and execute federal process, to include criminal complaints. I make this affidavit in support of a criminal complaint charging INSHAN BAKSH and SANG BAE CHUNG with the offenses of: 1) mail fraud, in violation of Title 18, United States Code, Section 1341; 2) wire fraud, in violation of Title 18, United States Code, Section 1343; and Aiding and Abetting mail fraud and wire fraud in violation of 18 United States Code, Sections 1341, 1343, and 2.

3. Information contained in this affidavit is based upon personal knowledge arising from my participation in this investigation and upon information and belief. Sources of information include statements made to me by representatives of law enforcement agencies and other subjects/witnesses of the investigation. I have not included every fact known to me concerning this investigation. I have set forth facts establishing probable cause to believe both INSHAN BAKSH and SANG BAE CHUNG have committed the above listed crimes.

## FACTS SUPPORTING PROBABLE CAUSE

4. On 03/31/2020, PW, the owner of a small law firm located in Bismarck, ND, received an email from an individual using the name ANTHONIO GAGLIO. In the email, the person purporting to be GAGLIO claimed to represent construction company VIKING CONSTRUCTION, INC. (hereafter VIKING) with a Bridgeport, CT address. According to the person claiming to be GAGLIO, VIKING was looking to sell a piece of construction equipment to MAGNUM CONTRACTING which is located in Fargo, North Dakota. The person claiming to be GAGLIO wanted PW to represent VIKING in the transaction since the buyer wanted North Dakota law to cover the sale and GAGLIO needed PW to create the sales agreement. The person purporting to be GAGLIO sent this email, and all future emails, to PW using the email address anthonygagliosrr@gmail.com; a typo squatting email address. SA Gasper contacted VIKING and they informed SA Gasper that this email address was not associated with VIKING and that VIKING neither retained PW to represent them in any legal matters nor sent PW any emails. Therefore, the person claiming to be GAGLIO sent the above and below listed material false statements and representations to PW, via written email wire communications, in interstate or

foreign commerce, as part of a scheme to defraud PW and obtain PW's money by false and fraudulent pretenses and representations.

5. On 04/10/2020, PW received another email from the person claiming to be GAGLIO. In this email, GAGLIO informed PW that the construction equipment buyer had sent PW a deposit check and inquired as to whether PW had received the check. Later, on 04/10/2020, the person claiming to be GAGLIO sent PW a follow up email which listed a FEDEX tracking number and indicated PW had signed for the package earlier that day.

6. On or about 4/13/2020, PW received the FEDEX package the person claiming to be GAGLIO had mailed to PW. The package contained a CITIBANK cashier's check payable to PW's law firm in the amount of $235,562.10. As directed in an email from the person claiming to be GAGLIO, PW deposited this cashier's check into the law firm's BNC NATIONAL BANK account and sent an email to the person claiming to be GAGLIO an image of both the check and the deposit slip to the email address anthonygagliosrr@gmail.com. Therefore, as part of the scheme to defraud PW out of money, in addition to sending PW false statements and representations in email communications, the person claiming to be GAGLIO also deposited or caused to be deposited a package to be sent or delivered by a private or commercial interstate carrier to PW, namely, the FEDEX package containing the CITIBANK cashier's check in the amount of $235,562.10.

7. On 04/13/2020, after PW deposited the cashier's check into the law firm's BNC NATIONAL BANK account, the person purporting to be GAGLIO sent PW an email instructing PW to send three (3) wire transfers, totaling $185,000 to three (3) different individuals or entities. Each of these three (3) individuals or entities used different banks and were located in different states within the United States. As directed by the person claiming to be GAGLIO, PW had the law firm's bank, BNC NATIONAL BANK, send the wire transfers to these three (3) individuals or entities.
    a. PW sent the first wire transfer in the amount of $60,000 to DOREESE COLES for the "final inspection". This wire transfer was sent to COLES' WOODFOREST BANK account, number ******4554.
    b. PW sent the second wire transfer in the amount of $60,000 to KRYSTAL FASHION CORPORATION for "the service parts of the equipment". This wire transfer was sent to KRYSTAL FASHION CORPORATION's JP MORGAN CHASE BANK (hereafter CHASE) account, number *****1327.
    c. PW sent the third wire transfer in the amount of $65,000 to SCOTT ANDERSON "for the shipping of equipment". This wire transfer was sent to ANDERSON's CITIBANK account, number ****0903.

8. On 04/13/2020, the person claiming to be GAGLIO sent PW emails requesting PW forward to GAGLIO the wire transfer confirmations. PW forwarded to the person purporting to be GAGLIO the reference number information, but GAGLIO insisted PW send the confirmation

information for the wire transfers. PW ended up emailing the person claiming to be GAGLIO three (3) PNC files containing images of the completed wires.

9. On 04/16/2020, BNC NATIONAL BANK contacted PW and informed PW that the $235,562.10 CITIBANK cashier's check PW had deposited into his law firm's account was fraudulent. PW then contacted law enforcement to report the fraud. PW, working with BNC NATIONAL BANK, has contacted the three (3) banks where the wires were sent in an attempt to recover the funds.

10. On 04/17/2020, the person claiming to be GAGLIO sent an email to PW requesting that the remaining funds of the deposited cashier's check, minus PW's fee, be wired to: a fourth different individual, who was located in a fourth different location and utilized a fourth different bank. PW responded to the person purporting to be GAGLIO's email requesting that GAGLIO provide PW with a telephone number so that PW could speak with GAGLIO. The person claiming to be GAGLIO emailed PW with a telephone number. PW attempted to call this number but found that the telephone number the person claiming to be GAGLIO provided to PW was not a working number.

11. On 04/17/2020, a CHASE representative informed SA GASPER, on 04/13/2020, KRYSTAL FASHION CORPORATION (here after KRYSTAL) did receive the $60,000 wire transfer from PW. CHASE later reported KRYSTAL was one hundred (100) percent owned by INSHAN BAKSH. CHASE went on to report that on 04/14/2020, BAKSH obtained a cashier's check in the amount of $31,850 made payable to DE NICE WEAR, INC (here after DE NICE WEAR). This cashier's check was deposited into DE NICE WEAR's CHASE account on 04/15/2020. During the course of this investigation, SA GASPER identified that DE NICE WEAR is one hundred percent owned by SANG BAE CHUNG. On 04/16/2020 CHASE recalled a $31,600 wire transfer from DE NICE WEAR's CHASE account to SEUN BABALOLA at FIRST CENTURY BANK.

12. SA GASPER's review of KRYSTAL's CHASE account revealed it was opened on 01/14/2020 by INSHAN BAKSH and listed KRYSTAL's place of business as BAKSH's apartment, in the Richmond Hill neighborhood of Queens, New York. Prior to PW's $60,000 wire transfer, KRYSTAL's CHASE account had a negative balance of more than $255. In addition to the $31,850 cashier's check to DE NICE WEAR, there were two (2) wire transfers sent on 04/14/2020 from KRYSTAL. One was to SAJIB A. ABBASI in Birmingham, UK for $5,160 and the other to GEBS SERVICES LIMITED in Mumbai, India for $1,300. Between 02/07/2020 and 04/14/2020, KRYSTAL sent twenty-three (23) wires totaling $42,390 to ABBASI and twenty-seven (27) wires totaling $115,180 to GEBS SERVICES LIMITED.

13. A CHASE representative, JE, informed SA GASPER that KRYSTAL had established a merchant account on 01/21/2020 with the merchant business model of a Family Clothing Store operating out of a home with one hundred (100) percent online transactions processing. This merchant account was closed on 03/30/2020 after CHASE noticed a large percent of charge backs in which various financial institutions, on behalf of their cardholders, attempted to recover the funds based on fraud or services not rendered. CHASE reported to SA

Gasper, during this two (2) month period, KRYSTAL had 986 charge backs totaling $191,731.86 with another 677 declined authorizations totaling $131,606.71.

14. CHASE records show BAKSH had a CHASE savings account #******9035 in his own name. SA GASPER's review of this account and the KRYSTAL account show BAKSH transferred $2,440 from KRYSTAL to his savings account #******9035 in February and March of 2020.

15. On 03/30/2020, CHASE records show KRYSTAL received a $48,550 deposit from ROBINHOOD FUNDS. That same day, BAKSH made a cash withdrawal of $2,950 from the KRYSTAL account. Also, on 03/30/2020, BAKSH obtained a $33,900 cashier's check from KRYSTAL's account made payable to DE NICE WEAR which was later deposited into DE NICE WEAR's BANK OF AMERICA account. The daily balance of the KRYSTAL account on 03/29/2020 was negative $196.74. The daily balance of the KRYSTAL account at the end of the day on 03/30/2020 was $15.08.

16. Records for BAKSH's CHASE savings account show that on the same day BAKSH withdrew $2,950 from KRYSTAL, BAKSH deposited the same amount, $2,950, into his CHASE savings account #******9035.

17. CHASE records also show that on 04/14/2020, the same day of the HEARTLAND LEGAL wire, BAKSH made a cash deposit of $1,500 into his CHASE savings account #******9035.

18. On 04/30/2020, SA Gasper conducted a recorded interview with BAKSH via telephone. Initially BAKSH denied knowing about KRYSTAL. Later BAKSH admitted that he had opened the KRYSTAL CHASE business account at the direction of an individual BAKSH only knows as SAMEER. BAKSH believed SAMEER was located in the United Kingdom. BAKSH never met SAMEER in person but communicated with SAMEER via WHAT'S APP and email. Once BAKSH opened the KRYSTAL CHASE (account number *****1327), BAKSH gave SAMEER on-line access to this account. In exchange for opening the account and conducting transactions directed by SAMEER, BAKSH was paid eight (8) percent of whatever funds were deposited into KRYSTAL's CHASE business account.

19. BAKSH informed SA GASPER that KRYSTAL was not in the clothing business. The address listed on KRYSTAL's CHASE account was BAKSH's apartment in Queens, New York. The only work BAKSH performed was to open the CHASE account, give SAMEER access to this account on line, and to go to CHASE in person to resolve problems at SAMEER's direction. BAKSH performed no other duties and did not handle any clothing. BAKSH admitted that he lied to CHASE when he informed CHASE that BAKSH ran KRYSTAL alone. BAKSH did not inform CHASE about SAMEER or that BAKSH had given SAMEER complete on-line access to KRYSTAL's business account to both have money deposited into this account and have money wired out of the account.

20. BAKSH informed SA GASPER that BAKSH had sent the $31,850 cashier's check made payable to DE NICE WEAR to an individual in Georgia on 04/14/2020. BAKSH also sent

4

the 03/30/2020 DE NICE WEAR cashier's check to the same individual in Georgia using FEDEX.

21. BAKSH told SA GASPER that SAMEER instructed BAKSH to open a different business account using a different company name at the BANK OF AMERICA (hereafter BOA). BAKSH opened the account but did not recall the name of the company used to open the account.

22. CHASE records show BAKSH initially obtained a cashier's check for $31,850 in the name of SEUN BABALOLA, check number 9635900473. However, BAKSH had the funds redeposited into the KRYSTAL account almost immediately and writing on the back of this check reads "Not Intended use". BAKSH then obtained the $31,850 cashier's check made payable to DE NICE WEAR, INC which was cashier's check number 9635900474.

23. CHASE records show that SANG BAE CHUNG opened a business account in the name of DE NICE WEAR, INC. on 11/18/2019. The DE NICE WEAR account number is *****5163. CHUNG was listed as the President and was the only person listed on CHASE account #*****5163. The address listed for DE NICE WEAR was One West Square, Suite 750, Decatur, GA 90030.

24. The address One West Square, Decatur, GA 90030 belongs to REGUS US which is a company that provides services such as temporary offices, meeting rooms, reception, and mail drop. In SA GASPER's experience, individuals involved in fraud schemes have used legitimate services such as the ones provided by REGUS US to perpetuate fraud.

25. Public records from the Georgia Division of Corporations show that DE NICE WEAR, INC. has a formation date of 11/18/2019 with CHUNG listed as the CEO, Secretary and CFO. The Principal Office Address listed was the same as the one listed with CHASE, One West Square, Suite 750, Decatur, GA 90030. CHUNG was listed as the Registered Agent and the address listed matches the address listed on CHUNG's Georgia's driver's license "lawrenceville, GA, 30044".

26. CHASE records reviewed by SA GASPER show the $31,850 from CRYSTAL being deposited in the DE NICE WEAR INC. account #*****5163 on 04/15/2020. These records show on 04/16/2020, CHUNG attempted to wire $31,600 to an account in the name of SEUN BABABLOLA at FIRST CENTURY BANK, NA. BABABLOLA was the same name listed on the cashier's check BAKSH initially obtained in the amount of $31,850.

27. SA GASPER was informed by JE, a CHASE representative that the $31,600 wire was successfully recalled by CHASE and remains in DE NICE WEAR's account. Soon after the wire was recalled, CHUNG appeared at a CHASE branch seeking the funds. CHUNG also contacted CHASE via telephone. During these telephone conversations, CHUNG informed CHASE that the money from CRYSTAL was payment for clothing supplied by DE NICE WEAR. CHUNG later emailed CHASE an invoice CHUNG claimed was proof of the clothing DE NICE WEAR sent to CRYSTAL. The invoice CHUNG supplied was dated 04/10/2020, gave an invoice number of #2647876345 was from DE NICE WEAR to CRYSTAL in the

amount of $31,850.00 with a due date of 04/15/2020. The invoice purports to show that DE NICE WEAR, INC supplied CRYSTAL with five hundred (500) pairs of men's jeans priced at $39, five hundred (500 men's t-shirts priced at $14, two hundred and six-five (265) men's shirts priced at $20 and two (2) men's shirts priced at $25. JE informed SA GASPER the invoice appeared to have been created by CHUNG and was not real.

28. CHUNG informed SA GASPER that he was the operator of DE NICE WEAR. CHUNG acknowledged he had received the $31,850 check from CRYSTAL, claiming it was for clothing. When asked what clothes CHUNG had sent CRYSTAL, CHUNG stated he would not know about that. CHUNG claimed that a friend told him about an on-line clothing store that would pay CHUNG a commission.

29. JE of CHASE informed SA GASPER that the $33,900 cashier's check dated 03/30/2020, from KRYSTAL's account made payable to DE NICE WEAR, was later deposited into a BANK OF AMERICA account CHUNG established for DE NICE WEAR.

30. CHASE records show the account balance for DE NICE WEAR INC. account #*****5163 on 04/14/2020 was $54.55. The account balance on 04/15/2020 was $31,907.55.

31. CHASE records for DE NICE WEAR, INC show a pattern of large deposits followed almost immediately by withdrawal of the funds. For example, between the opening of the account on 11/20/2019 and 03/05/2020 the only deposit was the one hundred (100) dollars initially used to open the account. On 03/05/2020, there was a deposit for $20,000, and on 03/12/2020, a deposit for $36,000 from ROBINHOOD FUNDS. The money was then almost immediately withdrawn. The balance at the end of the day of 03/06/2020 was $616.75 and on 03/12/2020 was $534.75.

32. SCOTT ANDERSON and DOREESE COLES have already been indicted for their roles in receiving the other $125,000 that was fraudulently obtained from PW.

33. CHUNG is presently on probation in Gwinnett County Georgia for a theft of services charge. On 11/18/2020, SA GASPER was informed by Gwinnett County Probation Officer JG that CHUNG has an active arrest warrant for violation of probation in Gwinnett County, Georgia.

34. SA GASPER reviewed records obtained from the New York State Department of State. These records show the Certificate of Incorporation for KRYSTAL FASHION CORPORATION listed ISHAN BAKSH as the individual who filed the incorporation documents with New York State. The address listed for KRYSTAL was with same address as was listed with CHASE in the Richmond Hill section of Queens, New York. The Certificate of Incorporation was filed on 12/18/2019.

## CONCLUSION

Based upon the above-described information, your affiant respectfully submits that there is probable cause to charge INSHAN BAKSH and SANG BAE CHUNG, via criminal

6

complaint, with the offenses of: 1) mail fraud, in violation of Title 18, United States Code, Section 1341; 2) wire fraud, in violation of Title 18, United States Code, Section 1343; and Aiding and Abetting mail fraud and wire fraud in violation of 18 United States Code, Sections 1341, 1343, and 2. The foregoing is true to the best of my knowledge and belief.

Dated this 19th day of November, 2020.

_____
Special Agent Francis W. Gasper
Federal Bureau of Investigation

Sworn and subscribed before me
The 19th day of November, 2020.

_____
Clare R. Hochhalter
United States Magistrate Judge

# EXHIBIT B

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of North Dakota

| United States of America | ) |
|---|---|
| v. | ) |
| INSHAN BAKSH, d/b/a KRYSTAL FASHION CORPORATION | ) Case No. 1:20-mj-506 |
| Defendant | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* INSHAN BAKSH, d/b/a KRYSTAL FASHION CORPORATION,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☑ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

Mail Fraud, Wire Fraud, and Aiding and Abetting

Date: Nov. 19, 2020

City and state: Bismarck, North Dakota       Clare R. Hochhalter, U.S. Magistrate Judge
*Printed name and title*

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender:

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth:

Date of birth:

Social Security number:

Height:     Weight:

Sex:     Race:

Hair:     Eyes:

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:

Complete description of auto:

Investigative agency and address:

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*: